## No. 501
## MYRTLE A. LENZ v. SEBASTIAN LENZ et al.

Ohio Appeals, 6th District, Wood County
No. 296. Decided June 18, 1923

This opinion has not been published except in Abstract

**SERVICE OF SUMMONS—Petition in error dismissed, for failure to serve principal defendant in county where case is pending.**

CHITTENDEN, J.
Epitomized Opinion
Error to Wood County Common Pleas

This case was heard before trial judge E. C. Mc-Clellan, Bowling Green, and a petition in error filed in the Wood county Court of Appeals. A motion to dismiss the petition in error was made, for the reasons that service of summons in error was not made and that no summons in error was served upon either of the parties to the suit, or the attorney of record in the Common Pleas court.

The attorney of record in the Common Pleas declined to enter appearance upon the petition in error, and thereupon a praecipe was filed for a summons in error. directed to the sheriff of Wood county, Ohio. The return of the sheriff recites that he made personal service upon defendant Lenz, but that Lenz and another defendant were not found in said Wood county.

The Court of Appeals holds that the return very clearly shows no legal service of summons in error upon said Lenz. That if he was not found within Wood county, the sheriff of that county was without authority to serve summons upon him, and the return amounts to an affirmative statement that there was no valid service upon the defendant, Sebastian Lenz.

Another summons was issued. and attempted service was made upon a defendant, France, but that service could bo of no avail without service upon the principal defendant. Lenz. The record failing to show service upon Lenz, the petition in error was dismissed.

**Ataorneys**—Benj. F. Jones, for Lenz; S. W. Bowman, contra.

## No. 502
## CLARA PISCHALS v. JOSEPH KOSINSKI

Ohio Appeals, 6th District, Lucas County

This opinion has not been published except in Abstract.

**ERROR—No prejudicial error found in record, notwithstanding conflicting testimony shown.**
Chittenden and Kinkade, JJ., Richards not sitting.

KINKADE, J.

In this action brough to recover damages for assault and battery, the jury returned a verdict for the defendant; a motion for a new trial overruled, and judgment entered. This it is sought to reverse for alleged errors. The Court of Appeals held:

That it would be difficult to find a record where the testimony is more in conflict, it being such that the jury might find in favor of either party, without the judgment being reversed as against the weight of testimony. But it could find no prejudicial error in the record, as to the admission or rejection of evidence, nor in the charge of the trial judge, B. F. Ritchie, and the judgment of the Common Pleas was affirmed.

**Attorneys**—Stanley A. Grosinski, for Pischals; Walinski & Flowers, for Kosinski.

## No. 503
## SCHNEIDER et al v. BOX et al.
Ohio Appeals, Sixth District, Lucas County
No. 1310. Decided June 18, 1923

**WILLS—(1) Writer and signer of a will may testify as to its making and the mental capacity of the testator—(2) To invalidate plaintiff's evidence must preponderate and also overcome presumption of validity arising from the probate of the will.**

CHITTENDEN, J.
Epitomized Opinion

This is an action to contest the validity of a will. The jury returned a verdict sustaining thee validity of the will and judgment was entered thereon. Error was prosecuted in this court on the ground that George Bell, who was not an attorney at law but who wrote the will and signed it as one of the witnesses, was permitted to testify fully as to the conversations had with the deceased with reference to making the will, and to express his opinion as to his mental capacity based upon many years of acquaintance. The plaintiff insisted that Bell, though not an attorney, occupied a relationship of confidence and trust, and the evidence should for that reason be excluded. The Court of Appeals in sustaining the judgment of Judge Ritchie of the Common Pleas Court of Lucas county, held.

1. When a testator procures his attorney as a subscribing witness to his will, by that act he expressly consents that the attorney may testify as fully as any other subscribing witness, touching the capacity of the testator or any other fact affecting the validity of the will. Knepper V. Knepper, 103 O. S. 529.

1. When a testator procures his attorney as a
2. It is not prejudicial error for the court to fail to charge that the evidence offered by the plaintiff must not only preponderate over the evidence offered by the defendants to sustain the will, but must also be sufficient to overcome as well the presumption of validity arising by reason of the probate of the will.

**Attorneys**—Benjamin F. James and Elden Young, for plaintiffs; Fell and Schaal, for defendants.

## No. 504
## EDGAR v. KING
Ohio Appeas, Sixth District, Wood County
No. 290. Decided June 18, 1923

**SLANDER—Court may order petition made definite and certain by stating where and in whose presence slanderous words were spoken. and for failure to comply with order, may dismiss petition.**

KINKADE, J.
Epitomized Opinion

Edgar filed a petition against King alleging that King, in the presence and hearing of divers persons, falsely and maliciously spoke and published of and concerning Edgar certain false and malicious words set out in the petition. King filed a motion to make the petition more definite and certain by stating in whose presence and at what place the false and malicious words were spoken. The motion was granted. Edgar refused to make the petition more definite and certain and the court dismissed the action. In affirming the judgment of Judge McClelland of the Common Pleas Court of Wood county, the Court of Appeals held:

1. It is within the sound discretion of the court to afford the defense a fair opportunity to prepare for the trial in requiring the plaintiff to make his petition more definite and certain by stating where and in whose presence the slanderous words were spoken.

**Attorneys**—Benjamin F. James, for Edgar; S. W. Bowman, for King.